## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

MARIE RAMIREZ,                          )
                                        )
         Plaintiff,                     )
                                        )    Case No.  16-cv-1340
v.                                      )
                                        )    **JURY TRIAL DEMANDED**
PROFESSIONAL TRANSPORTATION, INC.,      )
                                        )
         Defendant.                     )

## COMPLAINT

COMES NOW Plaintiff, Marie Ramirez, by and through her attorneys, Mathis, Marifian & Richter, Ltd., and for her Complaint against the Defendant, Professional Transportation, Inc., states as follows:

### NATURE OF ACTION

This is an action under Title VII of the Civil Rights Act of 1964 to correct unlawful sexual harassment and retaliation. Plaintiff, an employee of the Defendant, alleges that the Defendant sexually harassed her and subjected her to a sexually hostile working environment. Plaintiff also alleges that the Defendant failed and refused to correct this situation, instead retaliating against her by threatening to fire her, giving her undesirable work assignments and delaying her transfer to another location as discussed more fully herein.

### JURISDICTION AND VENUE

1.      Plaintiff brings this action to remedy violations under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2.      Plaintiff's home branch and place of hire was within the jurisdiction of the United States District Court for the Southern District of Illinois, and certain employment practices

{M0453934.3}                              1

alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Illinois.

3.    Plaintiff has complied with all administrative prerequisites by filing timely a Charge of Discrimination based on sexual harassment and retaliation with the Equal Employment Opportunity Commission ("EEOC") more than 60 days before the filing of this lawsuit.  A true and accurate copy of that Charge is attached hereto as Exhibit A.

4.    The EEOC has issued a right-to-sue letter to Plaintiff.  A true and accurate copy of Plaintiff's right-to-sue letter is attached hereto as Exhibit B.

## PARTIES

5.    Plaintiff, Marie Ramirez, is a female and, at all times relevant herein, was and is a citizen and resident of St. Clair County, Illinois.

6.    At all times relevant herein, Defendant, Professional Transportation, Inc. ("Professional Transportation"), was and is an Indiana corporation registered to do business in the State of Illinois, and has continuously had at least 15 employees.

7.    At all times relevant herein, Defendant, Professional Transportation, was and is engaged in an industry affecting commerce and, at all times pertinent hereto, was an employer within the meaning of 42 U.S.C. §2000e(b), (g) and (h).

8.    On June 23, 2013, Defendant hired Plaintiff as a driver. Plaintiff's home branch was the Dupo, Illinois location, although Plaintiff also worked as a driver for Defendant at its Glasgow, Montana and Grand Forks, North Dakota locations.

## GENERAL ALLEGATIONS

9.    While employed by Defendant, Plaintiff personally experienced acts of sexual discrimination, sexual harassment and a hostile work environment by Professional Transportation.

10.    From June 23, 2013 until April 2014, Plaintiff was subjected to an ongoing, systemic sexually hostile working environment. This harassment originated with Plaintiff's co-worker and was perpetuated by Defendant's branch manager, utility manager and Human Resources staff, among others.

11.    Each of these individuals was acting within the course and scope of their employment and agency.

12.    The sexual harassment included, without limitation, the making of unwelcome, derogatory, sexually-charged statements and sexually explicit gestures daily and often multiple times per day. These statements and gestures included the co-worker asking Plaintiff to "suck my dick" and "bend over" and exposing himself to Plaintiff.

13.    Plaintiff complained about the situation to her branch manager, but the issue was not investigated or remedied and the harassment continued.

14.    Plaintiff then reported the harassment to her utility manager and human resources and requested a transfer from Defendant's Glasgow, Montana location.

15.    Defendant denied Plaintiff's request for a transfer and told her that she would have to return to her home branch of Dupo, Illinois before she could be transferred. Plaintiff was told that if she returned to her home branch, she immediately would be sent out to another location.

{M0453934.3}                                                    3

16. Plaintiff's co-workers were not required to return to their home branch before being transferred to another branch.

17. After Plaintiff made her complaints of sexual harassment and hostile work environment, Defendant retaliated against her by altering the terms and conditions of her employment. Defendant not only by treated Plaintiff differently with respect to her requested transfer, but also treated Plaintiff more poorly than her co-workers, frequently yelling at and embarrassing her in front of others and repeatedly threatening Plaintiff with termination.

18. In retaliation for her sexual harassment complaints, Defendant also gave Plaintiff undesirable work assignments, denied her time off despite a doctor's order, and imposed an excessive suspension against Plaintiff for her involvement in a minor accident.

19. When Plaintiff did return to her home branch for transfer, she was not sent back out as she was promised but was kept at the branch for nearly three months in retaliation for her complaints and despite her repeated efforts to get transferred out. Plaintiff lost substantial income during this time and as a result of the failure to timely transfer her.

20. When Plaintiff was sent out to Grand Forks, North Dakota, she was immediately told by her supervisor that the supervisor had been told to "watch her back" and that Plaintiff had filed a lawsuit against the company. At Grand Forks, Plaintiff continued to experience retaliation and was treated differently than other workers, including receiving undesirable assignments and improper discipline.

## COUNT 1
### Title VI Sexual Harassment

21. Paragraphs 1 through 20 of this Complaint are incorporated herein by reference as if fully set forth herein.

22.     Since at least June 23, 2013, Defendant engaged in the following unlawful employment practices:

   a.   Defendant subjected Plaintiff to sexual harassment during her employment;

   b.   Defendant subjected Plaintiff to a sexually hostile working environment; and

   c.   Defendant retaliated against the Plaintiff for complaining about the sexually harassing conduct and sexually hostile working environment by altering the terms and conditions of her employment.

23.     The aforementioned unlawful conduct was unwelcome, sexual in nature and directed at Plaintiff because of her female sex.

24.     The aforementioned unlawful conduct was sufficiently severe or pervasive to create a hostile working environment which altered the terms or conditions of the Plaintiff's employment.

25.     The effect of the aforementioned practices has been to deprive the Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her female sex.

26.     The unlawful employment practices alleged herein were intentional and were done with malice or with reckless indifference to the federally protected rights of the Plaintiff.

27.     Defendant failed and/or refused to exercise reasonable care to prevent and promptly correct the alleged sexually harassing behavior and unlawful employment practices.

28.     Defendant knew, or should have known, of the unlawful employment practices being carried out by its employees against the Plaintiff.

29.     Defendant knew, or should have known, of the sexual harassment and sexually hostile working environment created by its employees.

30. Defendant's failure and/or refusal to exercise reasonable care to prevent and promptly correct the alleged sexually harassing behavior and unlawful employment practices amounted to condonation, ratification, approval, and/or perpetuation of said unlawful conduct and sexually hostile working environment.

31. Defendant was responsible for the acts, omissions and unlawful conduct of its employees because it knew of the acts, omissions and unlawful conduct and failed and/or refused to prevent and promptly correct alleged sexually harassing behavior and unlawful employment practices.

32. Defendant was responsible for the acts, omissions and unlawful conduct of its employees who had the authority to supervise, manage and control the Defendant's employees at the Glasgow, Montana location, including the Plaintiff, and, as such, acted as the Defendant's alter ego.

33. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff was subjected to unlawful sexual harassment and a sexually hostile work environment.

34. As a direct and proximate result of the Defendant's unlawful conduct, Plaintiff, Marie Ramirez, has suffered, and will continue to suffer, severe humiliation, embarrassment, degradation, mental anguish and emotional and physical distress.

35. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered the loss of salary, wages, bonuses, benefits and other compensation which her employment entailed as well as part and future emotional pain, suffering, inconvenience, loss of enjoyment of life and other non-pecuniary losses.

36. The unlawful conduct of the Defendant was done with malice or reckless indifference to Plaintiff's rights under Title VII, and was so outrageous, extreme and in disregard of the interests of the Plaintiff so as to entitle Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff, Marie Ramirez, respectfully requests that this Court enter judgment in favor of the Plaintiff and against the Defendant as follows:

(a) That a finding be entered that Defendant intentionally harassed the Plaintiff with malice or reckless indifference to Plaintiff's federally protected rights in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e)-3, as amended by the Civil Rights Act of 1991;

(b) That Plaintiff be made whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices, including pain and suffering, loss of enjoyment of life, damage to reputation and humiliation, in amounts to be determined at trial;

(c) That Plaintiff be awarded all wages, benefits and compensation lost due to Defendant's unlawful conduct, including back-pay and all future pecuniary losses, with prejudgment interest, and such other equitable relief as necessary to eradicate the effects of the unlawful employment practices;

(d) That Plaintiff be awarded all other compensatory damages permitted by law;

(e) That Plaintiff be awarded $1,000,000 in punitive damages;

(f) That Plaintiff be awarded reasonable attorneys' fees and costs; and

(g) That Plaintiff be awarded such other relief as this Court may deem just and proper, including costs.

## COUNT 2
### Title VI Retaliation

37.     Paragraphs 1 through 20 of this Complaint are incorporated herein by reference as if fully set forth herein.

38.     Plaintiff reported the unlawful sexual harassment and hostile work environment created by Defendant and experienced by her to her branch manager.

39.     The branch manager failed and refused to act on Plaintiff's complaint and the sexual harassment and hostile work environment continued.

40.     Plaintiff also reported the sexual harassment and hostile work environment to her utility manager and attempted to report the same to Human Resources.

41.     These efforts were also unsuccessful and the sexual harassment and hostile work environment continued.

42.     Plaintiff continued her efforts and made further complaints to her utility manager and Human Resources.

43.     Following her complaints, the terms and conditions of Plaintiff's employment were altered as set forth above and including without limitation:

a. Plaintiff was denied a direct transfer to another branch;

b. Plaintiff was unreasonably delayed in obtaining a transfer;

c. Plaintiff was forced to serve an excessive suspension for a minor infraction;

d. Plaintiff was subject to different and more severe performance standards than her co-workers;

e. Plaintiff was given undesirable work assignments;

f. Plaintiff was threatened with termination repeatedly;

g. Plaintiff was denied medically necessary time off despite a doctor's order;

h. Plaintiff was treated more poorly than her co-workers, given less desirable equipment, disciplined more strictly and frequently yelled and publically embarrassed in front of her co-workers; and

i. Plaintiff's lawsuit was made known to her managers and those managers informed Plaintiff that they had been told to "watch their back" around Plaintiff.

44. There was no legitimate business reason for these actions and the reasons proferred by Defendant, if any, were pretextual.

45. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff, Marie Ramirez, has suffered, and will continue to suffer, severe humiliation, embarrassment, degradation, mental anguish and emotional and physical distress.

46. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered the loss of salary, wages, bonuses, benefits and other compensation which her employment entailed as well as part and future emotional pain, suffering, inconvenience, loss of enjoyment of life and other non-pecuniary losses.

47. The unlawful conduct of the Defendant was done with malice or reckless indifference to Plaintiff's rights under Title VII, and was so outrageous, extreme and in disregard of the interests of the Plaintiff so as to entitle Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff, Marie Ramirez, respectfully requests that this Court enter judgment in favor of the Plaintiff and against the Defendant as follows:

(a) That a finding be entered that Defendant intentionally retaliated against the Plaintiff with malice or reckless indifference to Plaintiff's federally protected rights in violation

of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e)-3, as amended by the Civil Rights Act of 1991;

(b)     That Plaintiff be made whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices, including pain and suffering, loss of enjoyment of life, damage to reputation and humiliation, in amounts to be determined at trial;

(c)     That Plaintiff be awarded all wages, benefits and compensation lost due to Defendant's unlawful conduct, including back-pay and all future pecuniary losses, with prejudgment interest and all other equitable relief as necessary to eradicate the effects of the unlawful employment practices;

(d)     That Plaintiff be awarded all other compensatory damages permitted by law;

(e)     That Plaintiff be awarded $1,000,000 in punitive damages;

(f)     That Plaintiff be awarded reasonable attorneys' fees and costs; and

(g)     That Plaintiff be awarded such other relief as this Court may deem just and proper, including costs.

MATHIS, MARIFIAN & RICHTER, LTD.

By ____s/Laura E. Schrick_____
Laura E. Schrick, #06284750
23 Public Square, Suite 300
P.O. Box 307
Belleville, IL 62220
(618) 234-9800 Phone
(618) 234-9786 Fax
lschrick@mmrltd.com

Attorney for Plaintiff