UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MARIE RAMIREZ,

    Plaintiff,

v.

PROFESSIONAL TRANSPORTATION, INC.,

    Defendant.

Case No. 16-cv-1340-JPG-RJD

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Professional Transportation, Inc.'s ("PTI") motion to transfer this Title VII sexual harassment and retaliation case to the United States District Court for the District of Montana pursuant to 28 U.S.C. § 1404(a) (Doc.18). Plaintiff Marie Ramirez has responded to the motion (Doc. 30), and PTI has replied to that response (Doc. 31).

### I. Background

Ramirez began working for PTI on June 23, 2013. PTI is in the business of transporting railroad crews from worksites across the United States, and it hired Ramirez as a driver. PTI hired Ramirez at its branch in Dupo, Illinois, within the Southern District of Illinois, and Dupo was considered her "home branch." Ramirez worked in Dupo briefly before she was transferred to a PTI branch in Glasgow, Montana. While working in Montana, PTI paid her travel and living expenses.

Ramirez alleges that in Glasgow a coworker began sexually harassing her by making multiple inappropriate statements and gestures to her every day. Ramirez complained to her branch manager, but PTI did not investigate or take any remedial action. Ramirez then reported the harassment to her "utility manager" and PTI's human resources department and asked to be transferred from the Glasgow branch. Ramirez alleges that PTI retaliated against her for her complaints. Specifically, she claims PTI denied her transfer request and told her she would have to return to her home branch first, and then she would be immediately sent to another location. Other employees seeking transfers were not

required to return to their home branch first. Ramirez also claims PTI retaliated against her by treating her worse than her coworkers, threating to terminate her, giving her undesirable work assignments, denying her legitimate requests for medical leave and punishing her disproportionately for a minor accident.

Ramirez returned to her home branch, but she was not immediately sent out to another location as PTI had told her she would be. Instead, she worked out of Dupo for three months at a lower rate of pay than she would have received elsewhere. She believes this delay was also in retaliation for her complaints of sexual harassment. She was eventually reassigned to work in Grand Forks, South Dakota, where PTI continued to retaliate against her by giving her undesirable work assignments and issuing improper discipline.

Ramirez no longer works for PTI and now lives in Dupo with her mother. She has not been able to find other employment since leaving PTI.

## II. Standard for Transfer Where Venue is Proper

All parties agree that venue is proper under 28 U.S.C. § 1391 in both the Southern District of Illinois and the District of Montana. Therefore, the decision whether to transfer this case is governed by 28 U.S.C. § 1404, which applies when venue is proper in the plaintiff's chosen district. *Van Dusen v. Barrack*, 376 U.S. 612, 634 (1964). Section 1404(a) states, "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The decision to transfer a case is left to the discretion of the district court. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Van Dusen*, 376 U.S. at 622; *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 977 (7th Cir. 2010) (citing *Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 219-20 (7th Cir. 1986)).

In deciding a § 1404(a) motion to transfer, the Court should consider a number of case-specific

factors bearing on the convenience of the potential transferee forum to the parties and witnesses and the interests of justice in general. *Stewart*, 487 U.S. at 29-30; *see Coffey*, 796 F.2d at 219 (citing *Van Dusen*, 376 U.S. at 622); *Research Automation*, 626 F.3d at 977-78. The movant has the burden of establishing that the transfer is "clearly more convenient." *Coffey*, 796 F.2d at 219-20. The Court should give substantial weight in favor of the forum in which the plaintiff chose to file the complaint and should rarely transfer a case from the plaintiff's selected forum. *In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 663-64 (7th Cir. 2003); *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989).

Even if the circumstances indicate that a transfer would be clearly more convenient to the parties and witnesses, a court may still refuse to transfer the case if it is not in the interest of justice. *Coffey*, 796 F.2d at 220; *Van Dusen*, 376 U.S. at 625. "Factors traditionally considered in an 'interest of justice' analysis relate to the efficient administration of the court system." *Coffey*, 796 F.2d at 221. One of these factors is where the litigants are more likely to receive a speedy trial. *Id.*

### III. Analysis

In PTI's pending motion, it offers a host of reasons to transfer this case to the District of Montana. The most cogent are that the alleged harassment and retaliation occurred in Montana and that key witnesses – like the alleged harasser, PTI's employees with knowledge about Ramirez's employment and complaints, and retaliators – reside in Montana (or at least closer to Montana than to southern Illinois). It also argues that Ramirez's choice of forum should hold little sway because southern Illinois has little to do with the key allegations in the case and a court here has little interest in adjudicating a case where the key events did not occur in the district. It notes that the corporate records are electronic and easily producible in either district. Finally, it notes that both courts are equally familiar with the relevant federal employment law, but that there are fewer pending cases in the

3

District of Montana than in the Southern District of Illinois and that a court in Montana has a greater interest in deciding this case than one in Illinois because no key events occurred in Illinois.

In response, Ramirez argues that Illinois is, indeed, connected to this case. She was hired to work for PTI in southern Illinois and worked in southern Illinois for 25% of the time she was employed by PTI. A major component of the alleged retaliation was her transfer back to Illinois for an extended period of lower pay before her reassignment. She also notes that several of her witnesses to the alleged discrimination and retaliation live in Illinois (or closer to it than Montana).

In light of the particular circumstances of this case, the Court finds that PTI has not met its burden. PTI has not established that the District of Montana is clearly more convenient to the parties and witnesses than the Southern District of Illinois. Furthermore, PTI has not established that a transfer is in the interest of justice. At most, PTI has demonstrated that the District of Montana is more convenient to a number of important witnesses than the Southern District. This is not sufficient to meet PTI's heavy burden.

A. <u>Convenience</u>

The factor of convenience to the parties weighs heavily in favor of Ramirez's chosen forum. PTI admits that it is equally convenient for it to litigate in either forum because it is a corporation with a presence in both districts and with records easily transmissible electronically. Ramirez, on the other hand, is unemployed, lives in southern Illinois, and does not have the financial means to litigate a case from a long distance. It would be a great inconvenience for her to litigate this case in Montana, even if she only needs to travel to Montana on a few occasions.

The factor of convenience to the witnesses weighs slightly in favor of Montana. The Court notes that the alleged harassment and much of the retaliation took place in Montana, and important witnesses for PTI are clustered nearer to Montana than to southern Illinois. However, some

4

component of the retaliation – Ramirez's assignment to and retention at the Dupo branch – occurred in southern Illinois, and it appears that some witnesses to the harassment and retaliation as well as to Ramirez's damages are clustered nearer to southern Illinois than to Montana. Someone is bound to be inconvenienced no matter which forum is selected, and intolerable inconvenience can be alleviated by taking testimony by deposition.

B. Interest of Justice

On balance, the interests of justice do not weigh in favor of a transfer.

The pending case statistics cited by PTI regarding where this case can be tried more quickly are unenlightening without context, which is not provided. For example, a great number of the cases in the Southern District of Illinois are cases in Multi-District Litigation and require far less work per case than many other cases do. More cases do not necessarily mean a slower docket. Additionally, statistics are subject to change quickly for reasons that have nothing to do with the actual congestion of the docket or the length of time it might take a case to get to trial. For example, PTI cites statistics from March 2015 showing that there are 6,156 civil cases pending in the Southern District of Illinois and only 557 civil cases pending in the District of Montana. U.S. District Courts—Civil Cases Commenced, Terminated, and Pending During the 12-Month Period Ending March 31, 2015, http://www.uscourts.gov/sites/ default/files/c01mar15_0.pdf (visited May 1, 2017). However, the same statistical inquiry as of December 31, 2016, shows 2,971 cases pending in the Southern District of Illinois and 611 cases pending in the District of Montana. U.S. District Courts—Civil Cases Commenced, Terminated, and Pending During the 12-Month Period Ending December 31, 2016, available to U.S. Court staff at http://jnet.ao.dcn/resources/statistics/caseload-tables/civil-caseload-tables (visited May 1, 2017). One could infer from these statistics alone that the Southern District of Illinois disposes of cases much faster than they can be filed, while the District of Montana is working

toward a backlog. This misleading inference is not necessarily true overall and sheds no meaningful light on where Ramirez's case will be tried more quickly. Instead, it illustrates how statistics can be deceiving without sufficient context. The Court gives very little weight to the caseload statistics cited by PTI as an indication of where the parties will receive the speediest justice.

Finally, while the court in Montana has an interest in alleged discrimination occurring within its borders, the court in southern Illinois has an interest in providing justice to its citizens like Ramirez – who has lived within the Southern District of Illinois all her life except for her brief stints traveling for PTI – who believe they have been mistreated by employers who do business in southern Illinois. Because she is unable to bear the financial burden of litigating in Montana, the interests of justice weigh in favor of keeping this case in southern Illinois.

### IV.  Conclusion

The Court finds that PTI has not shown that a transfer is warranted in this case. Therefore, the motion to transfer is **DENIED** (Doc. 18).

**IT IS SO ORDERED.**
**DATED:  May 8, 2017**

                                            s/ J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **DISTRICT JUDGE**